# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2018

Lyle W. Cayce
Clerk

No. 17-10844
Summary Calendar

PATRICK ARVIND GHOSH,

Plaintiff-Appellant

v.

GREGORY S. DAVID, Warden; TIMOTHY R. WASHINGTON, Captain; GLEN D. STOUDER, Unit Grievance Investigator; JAYSON L. HENDRIX, DHO Lieutenant; VIRGINIA G. GANNAWAY, DHO Lieutenant; LARRY J. MCINTYRE, Correctional Officer V; OLLIE W. LOWE, Sergeant,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CV-173

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Patrick Arvind Ghosh, Texas prisoner # 1210558, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint with prejudice as frivolous, as frivolous until the conditions pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), were met, and for failure to state a claim upon which relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10844

can be granted.  We review the district court's dismissal de novo. *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Ghosh's § 1983 complaint arose out of the rejection of his grievances after he was found guilty of prison disciplinary violations.  He had argued, among other things, that the defendants violated his due process rights, retaliated against him, and verbally abused him.  Ghosh's brief provides only conclusional accusations to support his general assertions that the defendants violated his constitutional rights.  Furthermore, Ghosh does not challenge the district court's conclusions that (1) his due process claims had no merit because he failed to allege the loss of a liberty interest; (2) his claims were barred until the *Heck* conditions were met, (3) his assertions of verbal abuse failed to raise an actionable § 1983 claim, and (4) his claims of retaliation were not supported by factual allegations.  Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, Ghosh has abandoned those issues.  *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Ghosh fails to raise any issues of arguable merit, we dismiss the appeal as frivolous.  *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's dismissal and our dismissal each count as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996).  Ghosh is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.